## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

Case No. 13-CV-00035-VEB

DEREK J. GIANCOLA,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

             Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In August of 2009, Plaintiff Derek J. Giancola applied for Supplemental Security Income ("SSI") benefits and Child's Disability Benefits[1] under the Social Security Act. The Commissioner of Social Security denied the applications.

---

[1] Plaintiff was born on July 30, 1980, and thus had not attained age 22 as of October 1, 1999, the alleged onset date.

Plaintiff, represented by the Dana Madsen Law Office, Joseph Linehan, Esq. and Maureen J. Rosette, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).   The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

On January 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 24).


## II. BACKGROUND

The procedural history may be summarized as follows:

On August 31, 2009, Plaintiff applied for SSI benefits and child's insurance benefits, alleging disability beginning October 1, 1999. (T at 168-77).[2]   The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").   On April 14, 2011, a hearing was held before ALJ Caroline Siderius. (T at 45).   Plaintiff appeared with an attorney and testified. (T at 59-66). The ALJ also received testimony from Dr. Samuel Landau, a medical expert. (T at 51-59).   A further hearing was held on July 13, 2011. (T at 68).

---

[2] Citations to ("T") refer to the administrative record at Docket No. 11.

Plaintiff appeared with his attorney and provided further testimony. (T at 76-77, 79-88). The ALJ received testimony from Dr. John Morse, a medical expert (T at 72-76, 77-79) and Diane Kramer, a vocational expert (T at 88-90).

On September 14, 2011, the ALJ issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T at 20-38). The ALJ's decision became the Commissioner's final decision on November 29, 2012, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-6).

On January 22, 2013, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on April 1, 2013. (Docket No. 10).

Plaintiff filed a motion for summary judgment on July 24, 2013. (Docket No. 14). The Commissioner moved for summary judgment on November 27, 2013. (Docket No. 23). Plaintiff filed a reply memorandum of law on December 9, 2013. (Docket No. 24). As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 6).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

# III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

A person is entitled to child's insurance benefits under the Social Security Act if, *inter alia*, the claimant is age 18 or older and has a disability that began before attaining age 22. *See* 20 C.F.R. § 404.350(a)(5).

## B.   Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ noted that Plaintiff was born on July 30, 1980, and thus had not attained age 22 as of October 1, 1999, the alleged onset date. (T at 25).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (T at 25). The ALJ determined that Plaintiff's seizure disorder, anxiety disorder, personality disorder with anti-social behavior, learning disorder, methamphetamine dependence, and alcohol abuse were "severe" impairments under the Act. (Tr. 26).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 26-27).  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following nonexertional limitations: no climbing ladders, ropes, or scaffolds; and no working around unprotected heights or operating heavy machinery/equipment. With regard to his mental RFC, the ALJ concluded that

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

Plaintiff could perform simple, repetitive, 1 to 3 step tasks, involving no detailed work, and with occasional co-workers and public contact. (T at 27-32).

The ALJ found that Plaintiff could perform his past relevant work as a fast food worker. (T at 32). As such, the ALJ concluded that Plaintiff had not been disabled, as defined under the Act, from October 1, 1999 (the alleged onset date), through September 14, 2011 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr. 32-33).  As noted above, the ALJ's decision became the Commissioner's final decision on November 29, 2012, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  He offers two (2) main arguments in support of this position.  First, Plaintiff challenges the ALJ's assessment of the medical evidence as it relates to his ability to perform the mental demands of basic work activity.  Second, Plaintiff argues that the ALJ's step five analysis was flawed because the hypothetical posed to the vocational expert did not accurately reflect Plaintiff's mental health limitations.  This Court will address both arguments in turn.

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

## 1.    Assessment of Medical Evidence

As discussed above, the ALJ concluded that Plaintiff retained the RFC to perform simple, repetitive, 1 to 3 step tasks, involving no detailed work, and with occasional co-workers and public contact. (T at 27-32).  Plaintiff argues that he is more psychologically limited than the ALJ's assessment.

As a threshold matter, the Commissioner notes (and Plaintiff does not dispute) that a prior application for child's disability benefits by Plaintiff was denied by a different ALJ in May of 2006 without appeal. (T at 109).  A claimant previously denied benefits via a final decision of the Commissioner is presumptively considered "not disabled" unless he or she can demonstrate changed circumstances indicating a greater level of disability since the date of the prior decision. *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1998). However, while "the principles of *res judicata* apply to administrative decisions, . . . the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez*, 844 F.2d at 693. A prior, final determination of nondisability cannot be re-litigated through the date of the prior decision. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). However, the determination only "create[s] a presumption that [the claimant] continued to be able to work" *after* the date of the prior decision. *Id*. (citation and internal quotation marks omitted). "The claimant, in order to overcome the presumption, must prove

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (citation omitted). In other words, the claimant must show both "changed circumstances" and "greater disability." *See id*.

Here, Plaintiff did not, during the proceedings before the Commissioner, overcome the presumption and, in addition and, in the alternative, the ALJ's assessment of his psychological limitations is supported by substantial evidence.

In January of 2010, Dr. Allen D. Bostwick, a clinical psychologist, performed an intellectual assessment. Dr. Bostwick described Plaintiff as "socially pleasant, appropriate and cooperative." (T at 325). Plaintiff's mood was "euthymic" (*i.e.* normal), with a "flat" affect and "blunted range of expression."(T at 325). He was "alert, attentive, and oriented," with no acute emotional distress or unusual behavioral mannerisms. (T at 325). IQ testing indicated functioning within the average range of general intellectual ability with "Average performance-based abilities relative to upper Borderline verbal activities." (T at 325).[3] Dr. Bostwick found average test results for nonverbal higher level reasoning, concept-formation skills, and sequencing ability/social reasoning. He assessed borderline scores on tests of comprehension, vocabulary, auditory immediate memory for digits, working

---

[3] Dr. Bostwick administrated the WAIS-III, which resulted in a Verbal Score of 79 (8th percentile), a Performance Score of 106 (66th percentile) and a Full-Scale Score of 90 (25th percentile). (T at 325).

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

memory, and visuo-perceptual speed and analysis. (T at 325). Dr. Bostwick found high average scores for perceptual organization, low average verbal comprehension and processing speed, and borderline working memory. (T at 326).  Although Dr. Bostwick noted a significant disparity between Plaintiff's verbal and performance IQ scores, he opined that due to Plaintiff's "limited effort" on certain of the tests, his verbal score was "more probably than not, a mild [underestimate]" of his actual ability. (T at 326).

Dr. Bostwick diagnosed adult anti-social behavior, amphetamine dependence (in reported remission), and personality disorder NOS, with immature, inadequate and self-defeating features (improved since Plaintiff began abstaining from methamphetamine.) (T at 326-27).  He assigned a Global Assessment of Functioning ("GAF") score[4] range of 65-70 (T at 327), which is indicative of mild symptoms. *See Wright v. Astrue*, CV-09-164, 2010 U.S. Dist. LEXIS 53737, at *27 n. 7 (E.D. Wa. June 2, 2010).

Dr. Bostwick opined that with regard to Plaintiff's psychological/mental abilities, he appeared "capable of participating in gainful, competitive employment on a full-time basis without any significant psychological or intellectual limitations

---

[4] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

or restrictions." (T at 327).   He assessed moderate limitations with regard to attention and concentration, but no significant limitation as to activities of daily living and possible mild to moderate limitation regarding social functioning. (T at 327).

Dr. Kayleen Islam-Zwart, a clinical psychologist, performed a psychological/psychiatric evaluation in March of 2011.  She noted Wechsler Adult Intelligence Scale ("WAIS-III") scores as follows: Verbal score of 80, Performance score of 105, and Full Scale score of 90. (T at 380).  She assessed marked problems with anger/irritability, irresponsibility, and cognitive problems. (T at 390).   Dr. Islam-Zwart diagnosed anxiety disorder NOS, intermittent explosive disorder, learning disorder NOS, amphetamine dependence in full early remission, and alcohol abuse. (T at 390).   She assigned a GAF score of 48, which is indicative of serious impairment in social, occupational or school functioning. *See Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012).

Dr. Islam-Zwart described Plaintiff as "blunted and irritable" during the interview, with "choppy and somewhat abrupt speech." (T at 395). She opined that Plaintiff's presentation was "such that he is unable to work at this time" and his prognosis for the future was "poor." (T at 397).  Dr. Islam-Zwart assessed marked

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

limitations as to Plaintiff's ability to be aware of normal hazards and take appropriate precautions, communicate and perform effectively in a work setting with limited public contact, and maintain appropriate behavior in a work setting. (T at 391).

In determining Plaintiff's RFC, the ALJ afforded little weight to Dr. Islam-Zwart's opinion and significant weight to Dr. Bostwick's assessment. (T at 31-32). Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Islam-Zwart's findings. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, both doctors possess appropriate credentials, performed a range of tests, conducted a clinical evaluation, and rendered detailed opinions concerning the impact of Plaintiff's mental health limitations on his ability to perform basic work

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

activities.  The ALJ's decision to assign more weight to Dr. Bostwick's assessment was a permissible exercise of her discretion.  The ALJ reasonably noted that Dr. Islam-Zwart's opinion that Plaintiff had several marked limitations was contradicted by other findings in her report.  For example, Plaintiff's score on a "Mini-Mental Status Exam" was "29 out of a possible 30 points, falling above the cutoff of 24 reflecting impairment." (T at 396).  In addition, Plaintiff exhibited mental control within normal limits. (T at 396).  The ALJ concluded that these findings contradicted the severe limitations assessed by Dr. Islam-Zwart.  It is appropriate for an ALJ to discount a medical opinion based on this sort of inconsistency. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between clinical notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

In addition, the ALJ found that Dr. Islam-Zwart's conclusions were based largely on Plaintiff's self-reports, which the ALJ reasonably discounted.  Indeed, Dr. Islam-Zwart herself noted possible symptom exaggeration. In particular, Dr. Islam-Zwart opined that although Plaintiff was not malingering with regard to memory problems, results on a personality assessment indicated "defensiveness about personal shortcomings and an exaggeration of certain problems." (T at 396).  She noted the "potential for considerable distortion." (T at 396).  Dr. William Bender,

Plaintiff's treating neurologist, reported concern that Plaintiff was "not trying as fully as he could, potentially for some secondary gain." (T at 348). It is reasonable for an ALJ to discount a medical opinion predicated on subjective complaints found to be less than credible. *See Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

Significant other evidence in the record also supported the ALJ's decision to discount Dr. Islam-Zwart's opinion. As noted above, Dr. Bostwick concluded that Plaintiff appeared "capable of participating in gainful, competitive employment on a full-time basis without any significant psychological or intellectual limitations or restrictions." (T at 327). An assessment performed by Alan Utley, a mental health counselor, in March of 2011 indicated a GAF score of 55 (T at 406), which is indicative of moderate symptoms or difficulty in social, occupational or education functioning. *See Amy v. Astrue*, No. CV-11-319, 2013 U.S. Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013). A January 2010 assessment by Dr. James Bailey, a non-examining State Agency review consultant, indicated that Plaintiff could remember both simple and complex instructions, carry out simple and more complex instructions, exhibit appropriate behavior in formal settings, and handle simple variations in routines. (T at 367). Dr. Bailey opined that Plaintiff would do best with minimal co-worker, supervisor, and public contact (T at 367), a limitation the ALJ

generally incorporated into his RFC determination.  Dr. Mary Gentile, another State Agency review consultant, reviewed the record in October 2010 and affirmed Dr. Bailey's assessment. (T at 377).  The ALJ incorporated the narrative assessment of Dr. Bailey, as confirmed by Dr. Gentile, into the RFC determination.  This was proper and provided further support for the ALJ's decision. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

In sum, the ALJ's assessment of the medical evidence and determination regarding Plaintiff's mental RFC were supported by substantial evidence, including the opinions of examining and non-examining medical sources.  The assessment and determination must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## 2.    Step Five Analysis

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ relied on the testimony of a vocational expert and determined that Plaintiff could perform his past relevant work as a fast food worker. (T at 32). The ALJ asked the vocational expert to assume a claimant the same age as Plaintiff, with the same education and work experience, with no physical limitations other than an inability to climb ladders, ropes, and scaffolding, and limited to simple, repetitive, 1 to 3 step tasks and only occasional contact with the public and co-workers. (T at 89). The vocational expert opined that a hypothetical claimant with these limitations could perform Plaintiff's past relevant work. (T at 89). The ALJ's

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

hypothetical incorporated the limitations set forth in her RFC determination. That determination was supported by substantial evidence for the reasons outlined above. An ALJ is not obliged to accept as true limitations alleged by Plaintiff and may decline to include such limitations in the vocational expert's hypothetical if they are not supported by sufficient evidence. *See Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). This Court thus finds no reversible error in the ALJ's step five analysis.

## IV. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB

Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No.  14**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 23**, is **GRANTED**.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Commissioner, and close this case.

DATED this 28th day of May, 2014.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

20

DECISION AND ORDER – GIANCOLA v COLVIN 13-CV-00035-VEB